**Bernard L. SMITH, Petitioner–Appellant,**

v.

**George M. GALAZA, Warden, Respondent–Appellee.**

No. 04–55483.

D.C. No. CV–00–11374–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2005.

Decided Aug. 24, 2005.

Jonathan D. Libby, Deputy Federal Public Defender, Federal Public Defender's Office, Los Angeles, CA, for Petitioner-Appellant.

Ana R. Duarte, Gary A. Lieberman, Office of the California Attorney General, Los Angeles, CA, for Respondent-Appellee.

Before WARDLAW and BERZON, Circuit Judges, and FITZGERALD,* District Judge.

### ORDER AND MEMORANDUM**

California state prisoner Bernard L. Smith appeals the district court's order

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Smith contends that the prosecutor's use of peremptory challenges violated the Equal Protection Clause, and that the district court erred in finding that Smith failed to prove purposeful discrimination on the part of the prosecutor. The district court's decision to grant or deny a 28 U.S.C. § 2254 habeas petition is reviewed de novo. *See Leavitt v. Arave*, 371 F.3d 663 (9th Cir.2004). Additionally, the district court's findings of fact as to the racially discriminatory use of peremptory challenges are reviewed for clear error. *See United States v. Annigoni*, 96 F.3d 1132 (9th Cir.1996). Because the state trial court applied the incorrect legal standard enunciated in *People v. Wheeler*, 22 Cal.3d 258, 148 Cal.Rptr. 890, 583 P.2d 748 (1978), the district court correctly reviewed de novo the question of whether Smith made a prima facie showing of a *Batson* violation. *Johnson v. California*, —— U.S. ——, 125 S.Ct. 2410, 2419, 162 L.Ed.2d 129 (2005). The district court also did not commit clear error in finding that the reasons the prosecutor gave for striking the jurors were not a pretext for discrimination.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.